Judgment reversed, and new trial ordered, without costs to either party.

===== i

## NEW v. LIEBEHERR.

(Supreme Court, Appellate Term. February 18, 1910.)

LANDLORD AND TENANT (§ 190*)—LIABILITY FOR RENT—EVICTION.

An eviction, to bar an action for rent, must take place before the rent becomes due.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 765; Dec. Dig. § 190.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Edward A. New against Richard Liebeherr. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Joseph H. McCarthy, for appellant.

SEABURY, J. The plaintiff sued to recover rent due under a lease on September 1, 1909. The defendant pleaded eviction. The acts which are alleged to have constituted an eviction occurred subsequent to the time when the rent sued for was due.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The rule is well settled that, to bar an action for rent, the eviction must take place before the rent becomes due. Giles v. Comstock, 4 N. Y. 270, 53 Am. Dec. 374. In Giles v. Comstock, supra, the court said:

"The doctrine everywhere running through the books is that, to render eviction from the premises a valid defense, it must have taken place before the rent became due."

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.